F I L E D

CLERK OF COURT

2024 DEC 18 PM 4: 08

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

MATTHEW SALAS,
*aka* Matthew John Pinaula Salas
DOB: 07/13/2002

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0504-20**
GPD Report No. 20-23758

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION**

This matter came before the Honorable Alberto E. Tolentino on October 15, 2024, for a Motion Hearing. Defendant Matthew Salas ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

\\

For events that occurred on or about September 21, 2020, the Defendant was indicted as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). Indictment (Jan. 11, 2021). On February 20, 2021, the Honorable Benjamin Sison released the Defendant on a personal recognizance bond so long as the Defendant follows all the conditions of his release. Order (Feb. 20, 2021).

The court issued a first bench warrant against the Defendant on April 29, 2021, for failing to appear at his court hearing; the warrant was returned on this same day. On May 7, 2021, the court held a Change of Plea hearing where the court deferred acceptance of his plea for two (2) years. Change of Plea Hr'g Mins. at 11:31:12AM (May 7, 2021). In addition to a suspended sentence, a five-thousand-dollar ($5,000.00) fine, and court costs, the court ordered that the Defendant enroll and attend a drug rehabilitation program under the supervision of the Adult Drug Court. Deferred Plea Agreement at 4 (May 7, 2021).

## A. The Defendant's Adult Drug Court Violations

While participating in the Adult Drug Court I Program ("Adult Drug Court"), the Defendant accumulated a total of six (6) violations. For the first violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. On June 21, 2021, the probationer admitted through a written declaration to smoking the drug "meth". No test was conducted.

1st Violation Report (Phase I) (June 25, 2021).

\\

\\

\\

## B. The Defendant's Violations under Traditional Probation

Following the Defendant's termination from Adult Drug Court, he accumulated six (6) more violations for violating his probationary conditions. For the first violation, the report indicated the Defendant's:

1. Failure to refrain from consuming an illegal controlled substance. On March 13, 2023, the Defendant was drug tested at the Probation Office, which yielded a presumptive positive for methamphetamine and tetrahydrocannabinol. He subsequently admitted to smoking "weed" and "meth." This will be his first positive since being placed on probation.

***It is noteworthy to mention that a 1st violation was filed in CF0045-22 before Presiding Judge Alberto C. Lamorena III and a 4th violation was filed in CF0351-21 before Judge Vernon P. Perez, for the same violation.

1st Violation Report (Mar. 14, 2023). One week later, Probation filed a second violation against the Defendant. For the second violation, the report indicated that the Defendant:

Failed to obey all the laws of Guam. On March 20, 2023, the Probationer appeared before the Magistrate Judge in reference to CF0181-23, and charged with Criminal Mischief (As a 3rd Degree Felony) and Assault (As a Misdemeanor). The Probationer was remanded to the Department of Corrections on a five-thousand-dollar ($5,000.00) cash bail.

2nd Violation Report (Mar. 21, 2023). Upon the court's acceptance of the Defendant's guilty plea in his new matter CF0181-23, the court released him from confinement at DOC. On January 8, 2024, Probation filed another violation against Defendant Salas. For the third violation, the report indicated that the Defendant:

1. Failed to report three (3) times a week in person to the Probation Office. The Probationer is ordered to report every Monday, Wednesday and Friday. He last reported on December 29, 2023.
2. Failure to submit proof of enrollment, attendance or completion of a drug rehabilitation program.
3. Failure to make monthly payments to his fine and court cost totaling five thousand eighty dollars ($5,080.00). He has failed to make any payments.
4. Failure to perform and complete one hundred-fifty (150) hours of community service.

5. Failure to submit proof of attendance or completion of twenty-four (24) self-help meetings.

3rd Violation Report (Jan. 8, 2024). On July 10, 2024, Probation filed a fourth violation. For the violation, the report indicated that the Defendant:

1. Failed to report to three (3) times a week in person to the Probation Office. The Probationer is ordered to report every Monday, Wednesday and Friday. He last reported on July 1, 2024 and has failed to report since. Please note, on June 26, 2024, the Probationer was counseled regarding his reporting conditions.
2. Failed to provide a valid urine sample for drug testing. On July 1, 2024, the Probationer reported to the Probation Office to submit to a urinalysis test and failed to provide a valid sample within the time limit. This is considered his second (2nd) positive.

4th Violation Report (July 10, 2024). The court filed another warrant of arrest on July 24, 2024, which was returned on August 1, 2024. During the Return of Warrant, the court addressed the Defendant's violations and admonished him for nothing being done in regards to his conditions.

Return of Warrant Hr'g Mins. at 2:02PM (Aug. 6, 2024). However, the court released him to give him another opportunity to get back in compliance with Probation. Despite this chance, Probation filed a fifth violation on September 20, 2024. For this violation, the reports indicated that the Defendant:

Failed to report to three (3) times weekly for drug testing. The probationer was released from the Department of Corrections on August 6, 2024. He was ordered by the Court to meet with the undersigned on August 7, 2024 by 9:00 a.m., he failed to do so.

5th Violation Report (Sept. 20, 2024). The court filed another warrant of arrest against the Defendant on September 24, 2024, which was returned two days later. Upon the warrant's return, Probation filed a sixth violation on September 27, 2024.

\\

\\

\\

For the sixth violation, the report indicated that the Defendant:

Failed to obey all the laws of Guam. On September 26, 2024, the Probationer appeared before the Magistrate Judge in reference to CF0673-24, and charged with Promoting Prison Contraband (As a Second-Degree Felony). The Probationer was remanded to the Department of Corrections on a five-thousand-dollar ($5,000.00) cash bail.

6th Violation Report (Sept. 27, 2024). The People filed its Motion to Revoke the Defendant's Probation and impose jail sentence on October 8, 2024.

At the Revocation Hearing, Probation laid out the Defendant's history leading up to this proceeding, and ultimately recommended revocation. Revocation Hr'g Mins. at 2:36:51–38:21PM (Oct. 15, 2024). The Defendant requested the court to enter judgment rather than revoke probation at this time. *Id.* at 2:43:32–43:46PM. In contrast, the People argued that Defendant Salas is not a good candidate for probation given that he has accumulated serious violations such as failure to obey the laws of Guam. *Id.* at 2:42:48–43:13PM. After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting

*Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**A. The Defendant violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant accumulated a total of twelve (12) violations – six (6) under Adult Drug Court and six (6) under traditional probation. The court can make a factual determination that all these violations actually occurred, as evidenced by the Defendant's declarations to the violations, the Defendant's positive test results, and his admission on the record to the violations. Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. The Defendant's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against

those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

Here, all conditions of the Defendant's probation are outstanding: treatment; community service; fines and fees; and self-help meetings. Revocation Hr'g Mins. at 2:37:32–37:50PM (Oct. 15, 2024). During the Revocation hearing, Defendant Salas indicated that he still had four more years to complete his conditions. *Id.* at 2:43:32–43:46PM. The court asked the Defendant whether he had any justification for failing to comply with his probationary conditions. Despite his indication that "it's not the end of the world" if revoked, the Defendant also referenced previous transportation issues and a knee injury. Revocation Hr'g Mins. at 2:52:00–52:41PM (Oct. 15, 2024).

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. The court had given the Defendant multiple opportunities before considering revocation, including transferring him to traditional probationary supervision and releasing him from DOC to get back in compliance. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). In this case, Defendant Salas picked up four new cases over the past four years; one which was for Aggravated Assault (As a 3rd Degree Felony). Since this 2020 case began, the Defendant's four new matters show an escalation in the Defendant's crimes from Possession to Aggravated Assault. The court fears that if it were to release the Defendant another time then he may commit a worse crime as a result of his untreated addiction.

Despite the availability of services and court-ordered drug and alcohol counseling, Defendant Salas has shown that he cannot complete treatment on his own. In Guam, the Department of Corrections provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow the Department of Corrections to supervise and assist the defendant on his path to recovery through the RSAT program.

# CONCLUSION

Because the Defendant made a factual determination that Defendant Matthew Salas violated his probationary conditions and has inexcusably failed to comply with treatment as a substantial condition, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____ DEC 1 8 2024 _____ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, POSC_

Date: 12/18/24 Time: 4:10 pm

_Antonio (A Cruz_

Deputy Clerk, Superior Court of Guam

Decision & Order Re. People's Motion to Revoke Defendant's Probation
*People v. Salas*, CF0504-20
Page 11 of 11